UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MISTY ANN KOCH,<br><br>    Plaintiff,<br><br> vs.<br><br>MEADE COUNTY COURT, JUDGE RANDAL L. MACY, KASEY J. SORNSON, JUDGE TODD HYRONMOUSS,<br><br>    Defendants. | CIV. 15-5052-JLV<br><br>ORDER DISMISSING CASE |

  On July 16, 2015, plaintiff Misty Ann Koch, appearing *pro se*, filed a petition for a writ of prohibition in this court. (Docket 1). Ms. Koch alleged a myriad of violations that this court construed as claims under 42 U.S.C. § 1983 and examined under the <u>Younger</u> doctrine. (Docket 11). Before dismissing her complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court granted Ms. Koch twenty-one days to amend her complaint. Id. Because the court's order which was mailed to Ms. Koch was returned as undeliverable (Docket 13), the court granted her additional time to respond.

  Ms. Koch failed to comply with the court's order. Ms. Koch filed a motion for entry of default (Docket 14), a request for review of findings of fact and conclusions of law along with multiple exhibits (Docket 15) and a supplement. (Docket 17). These filings do not constitute an amended complaint nor do they address the inadequacies of her original complaint. The complaint is dismissed.

Even when the court construes Ms. Koch's filings as a habeas petition, as Ms. Koch now asserts (Docket 15-1), the petition would still be dismissed. Although Ms. Koch is no longer incarcerated, see Docket 12 & the Clerk's Office February 12, 2016, staff note on CM/ECF (plaintiff notified the court of her change in address), she was incarcerated in the Meade County Jail when she filed her original petition for a writ of prohibition.  Because Ms. Koch's writ of prohibition seeks to secure her release from custody and to prevent various South Dakota state court judges, administrative officials and attorneys from taking any further action in her cases, including proceeding with a trial, the court interprets the habeas petition as having been brought under 28 U.S.C. § 2241.  See Docket 1; see also Docket 15-1 at p. 6 (asserting that the petition is not founded on the principles embodied in 28 U.S.C. § 2254)

"Section 2241 has been recognized as a potential source of habeas review for *state* pretrial detainees."  Moore v. United States, 875 F. Supp. 620, 622 (D. Neb. 1994) (emphasis in original) (citing Palmer v. Clarke, 961 F.2d 771 (8th Cir. 1992); Atkins v. Michigan, 644 F.2d 543 (6th Cir. 1981); Dickerson v. Louisiana, 816 F.2d 220, 224-26 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-90 (1973)).[1]  A state pretrial detainee must satisfy two requirements before a court will review her § 2241 habeas petition.

---

[1]The issue before the court in Moore was whether habeas corpus relief was available for a federal pretrial detainee.  Moore, 875 F. Supp. at 622.  The court started its discussion by detailing the analytical framework that is applied when state pretrial detainees seek relief under § 2241.  See id. at 622-23.

2

"First, the petitioner must be 'in custody.'" Id. at 622 (quoting 28 U.S.C. § 2241(c)). "Second, the petitioner must have exhausted [her] available state remedies." Id. Although only a post-trial habeas petition is statutorily mandated to exhaust her remedies:

> [A] body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

Dickerson, 816 F.2d at 225; see also Moore, 875 F. Supp. at 622; 28 U.S.C. § 2254(b); § 2241(A).

    The applicable exhaustion requirement depends on whether a petitioner's claims are dispositive or non-dispositive of the state criminal proceedings. "Where the petitioner's claims, if successful, would be dispositive of the pending state criminal charges, the claims may be exhausted only by presentment at the upcoming criminal trial in state court." Moore, 875 F. Supp. at 622 (citations omitted). This includes claims which provide an affirmative defense to the state criminal charges and claims that would "abort a state proceeding," "dismiss an indictment," or "prevent a prosecution." Id. at 622 (citations omitted). Absent "special circumstances," see Braden, 410 U.S. at 489, "[t]he practical effect of this exhaustion requirement is that habeas review of dispositive claims is not attainable prior to the state trial." Moore 875 F. Supp. at 622.

"By contrast where the petitioner's claims would not be dispositive of the state criminal charges, the claims may be exhausted by pretrial presentment to the state court.  An example from this category is a claim seeking a speedy state court trial."  Id. (citing Braden, 410 U.S. at 491; Atkins, 644 F.2d at 547; United States v. Castor, 937 F.2d 293, 297 (7th Cir. 1991).  The distinction between dispositive and non-dispositive claims is "rooted in notions of federalism and comity."  Id. at 623 (citations omitted).  In short, "[w]here pretrial federal review of a habeas claim will deprive the state court of its ability to adjudicate the criminal charge, federalism requires the federal court to decline review."  Id.

With regard to § 2241's "in custody" requirement, the court only has knowledge Ms. Koch is no longer incarcerated in the Meade County Jail.  (Docket 12).  Ms. Koch failed to inform the court if she is now on pretrial release, or parole or if her state proceedings have concluded.  The court is without a basis to determine whether she satisfied § 2241's "in custody" requirement.

With regard to § 2241's exhaustion requirement, Ms. Koch's claims are dispositive claims aimed at preventing the state's prosecution.  Ms. Koch requests no further action be taken in her Pennington County and Meade County court proceedings.  See Docket 1 at p. 1.  She claims there was no probable cause for her arrest.  Id. at 2.  She claims "Judge Hyronmouss is proceeding with trial where there is no statute violation."  Id.  She contends the administrators at the Meade County courthouse lost documents in her court files, falsified documents and ignored court orders.  See id. at 2-4.  As a result

of these claims, Ms. Koch asserts the defendants have no legal basis to restrain her and that her liberty was unconstitutionally restrained.  See Docket 15-1 at pp. 8-9.

Ms. Koch's claims, if successful, would be dispositive of her pending state criminal charges.  See Moore, 875 F. Supp. at 622.  Ms. Koch provided no indication that a trial was held in her state case and, if there was a trial, that she presented her claims.  See id.  Ms. Koch failed to demonstrate the existence of "special circumstances" justifying the court's review of her claims prior to her state trial.  See Braden, 410 U.S. at 489.  The state courts must first be given an opportunity to address Ms. Koch's claims.  The court finds Ms. Koch failed to exhaust her available state remedies.  Even when the court construes Ms. Koch's petition for a writ of prohibition and related filings as a habeas petition, the petition would still be dismissed.  Accordingly, it is

ORDERED that Ms. Koch's petition for writ of prohibition (Docket 1) is dismissed without prejudice.

Dated April 18, 2016.

                              BY THE COURT:

                              /s/ *Jeffrey L. Viken*
                              JEFFREY L. VIKEN
                              CHIEF JUDGE